**FREEMAN MATHIS & GARY, LLP**
Laura Ruettgers (SBN 206636)
laura.ruettgers@fmglaw.com
Sander Alvarez (SBN 189174)
sander.alvarez@fmglaw.com
550 South Hope Street, 22nd Floor
Los Angeles, California 90071
Tel.: (213) 615-7000
Fax: (833) 264-2083

Attorneys for Defendants
ASCOT SPECIALTY INSURANCE COMPANY and
COVER WHALE INSURANCE SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALDONALD LOGISTICS, LLC,<br><br>Plaintiff,<br>v.<br><br>ASCOT SPECIALITY INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No. 3:24-CV-08221-LB<br><br>**DEFENDANT COVER WHALE INSURANCE SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Action filed: November 20, 2024<br>Trial date: Not set |

Defendant Cover Whale Insurance Solutions, Inc. ("Cover Whale"), for itself and no others, answers the First Amended Complaint ("FAC") of Plaintiff Maldonado Logistics, LLC ("Maldonado" or "Plaintiff") as follows:

## I.

## JURISDICTION AND VENUE

1. Defendant Cover Whale Insurance Solutions, Inc. admits that it is a corporation incorporated in Delaware and has its corporate headquarters in New York, New York. Defendant Cover Whale further admits that Defendant Ascot Specialty Insurance Company is a corporation incorporated in Rhode Island and has its corporate headquarters in New York, New York. Defendant Cover Whale lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 1 of the FAC and on that basis denies the remaining allegations

therein.

2. Defendant Cover Whale lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 of the FAC and on that basis denies each allegation therein.

## II.

## NATURE OF THE ACTION

3. Defendant Cover Whale admits that Plaintiff's FAC alleges causes of action for (1) negligence and negligence per se and (2) declaratory and injunctive relief. Defendant Cover Whale lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 3 of the FAC and on that basis denies the remaining allegations therein.

## III.

## FACTUAL SUMMARY

4. Defendant Cover Whale admits that Defendant Ascot issued a commercial auto liability insurance policy no. ASC-4007160-00 to Maldonado Logistics LLC as named insured incepting on January 9, 2024 [hereinafter the "Ascot Policy"]. Defendant Cover Whale denies that it or Defendant Ascot issued any policy to "Maldonado Trucking, LLC," that Superior Access Insurance Services, Inc. is its or is Ascot's managing general agent, and that Cover Whale Insurance Solutions, Inc. is a "surplus line broker." Defendant Cover Whale lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 4 of the FAC and on that basis denies the remaining allegations therein.

5. Defendant Cover Whale lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 of the FAC and on that basis denies each allegation therein.

6. Defendant Cover Whale admits that the premium shown as payable at policy inception on the Ascot Policy's Motor Carrier Declarations was $34,803.28, that the Ascot Policy was issued on or about January 9, 2024, and that Plaintiff was provided with insurance identifications cards upon policy issuance. Defendant Cover Whale lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 6 of the FAC and on that basis

denies the remaining allegations therein.

7. Defendant Cover Whale lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 of the FAC and on that basis denies each allegation therein.

8. Defendant Cover Whale lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 of the FAC and on that basis denies each allegation therein.

9. Defendant Cover Whale lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 of the FAC and on that basis denies each allegation therein.

10. Defendant Cover Whale lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 of the FAC and on that basis denies each allegation therein.

11. Defendant Cover Whale denies the allegations in paragraph 11 of the FAC.

12. Defendant Cover Whale admits that a loss was reported to Defendant Ascot in connection with an auto accident that reportedly occurred on April 10, 2024, that a claim for coverage was made under the Ascot Policy, and that said claim for coverage was subsequently denied because the Ascot Policy had been cancelled effective March 27, 2024, prior to the April 10, 2024 accident, as more fully explained in Ascot's written disclaimer. Defendant Cover Whale lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 12 of the FAC and on that basis denies the remaining allegations therein.

## **IV.**

## **FIRST CAUSE OF ACTION**

(Negligence and Negligence Per Se)

13. Defendant Cover Whale admits that Defendant Ascot issued a commercial auto liability insurance policy no. ASC-4007160-00 to Maldonado Logistics LLC as named insured incepting on January 9, 2024. Defendant Cover Whale lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 13 of the FAC whether explicit

3
**DEFENDANT COVER WHALE'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

or implied and on that basis denies the remaining allegations therein.

14. Defendant Cover Whale admits that the premium shown as payable at policy inception on the Ascot Policy's Motor Carrier Declarations was $34,803.28 and that said premium was paid. Defendant Cover Whale lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 14 of the FAC and on that basis denies the remaining allegations therein.

15. Defendant Cover Whale admits that a loss was reported to Defendant Ascot in connection with an auto accident that reportedly occurred on April 10, 2024 and that a claim for coverage (for property damage and bodily injury) was made under the Ascot Policy by Plaintiff. Defendant Cover Whale lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 15 of the FAC and on that basis denies the remaining allegations therein.

16. Defendant Cover Whale lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 of the FAC and on that basis denies each allegation therein.

17. Defendant Cover Whale denies the allegations in paragraph 17 of the FAC.

18. Defendant Cover Whale denies the allegations in paragraph 18 of the FAC.

19. Defendant Cover Whale admits that as relevant herein the Ascot Policy could be cancelled by Defendant Ascot upon mailing or delivering to Plaintiff written notice of cancellation at least 30 days before the effective date of cancellation. Defendant Cover Whale lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 19 of the FAC and on that basis denies the remaining allegations therein.

20. Defendant Cover Whale denies the allegations in paragraph 20 of the FAC.

21. Defendant Cover Whale denies the allegations in paragraph 21 of the FAC.

22. Defendant Cover Whale denies the allegations in paragraph 22 of the FAC.

23. Defendant Cover Whale admits that the referenced Insurance Code sections are "in effect." Defendant Ascot lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 23 of the FAC and on that basis denies the remaining

allegations therein.

24. Defendant Cover Whale admits that the referenced Civil Procedure Code section is "in effect." Defendant Ascot lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 24 of the FAC and on that basis denies the remaining allegations therein.

25. Defendant Cover Whale lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25 of the FAC and on that basis denies the allegations therein.

26. Defendant Cover Whale denies the allegations in paragraph 26 of the FAC.

27. Defendant Cover Whale denies the allegations in paragraph 27 of the FAC.

28. Defendant Cover Whale denies the allegations in paragraph 28 of the FAC.

29. Defendant Cover Whale lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29 of the FAC and on that basis denies the allegations therein.

## V.

## SECOND CAUSE OF ACTION

(Declaratory Relief)

30. Defendant Cover Whale admits that Defendant Ascot issued a commercial auto liability insurance policy no. ASC-4007160-00 to Maldonado Logistics LLC as named insured incepting on January 9, 2024. Defendant Cover Whale lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 30 of the FAC whether explicit or implied and on that basis denies the remaining allegations therein.

31. Defendant Cover Whale admits that the premium shown as payable at policy inception on the Ascot Policy's Motor Carrier Declarations was $34,803.28 and that said premium was paid. Defendant Cover Whale lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 31 of the FAC and on that basis denies the remaining allegations therein.

32. Defendant Cover Whale admits that the premium shown as payable at policy

inception on the Ascot Policy's Motor Carrier Declarations was $34,803.28 and that said premium was paid. Defendant Cover Whale lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 32 of the FAC and on that basis denies the remaining allegations therein.

33. Defendant Cover Whale lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 33 of the FAC and on that basis denies the allegations therein.

34. Defendant Cover Whale admits that a loss was reported to Defendant Ascot in connection with an auto accident that reportedly occurred on April 10, 2024 and that a claim for coverage (for property damage and bodily injury) was made under the Ascot Policy by Plaintiff. Defendant Cover Whale lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 34 of the FAC and on that basis denies the remaining allegations therein.

35. Defendant Cover Whale admits that a loss was reported to Defendant Ascot in connection with an auto accident that reportedly occurred on April 10, 2024 and that a claim for coverage (for property damage and bodily injury) was made under the Ascot Policy by Plaintiff. Defendant Cover Whale lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 35 of the FAC and on that basis denies the remaining allegations therein.

36. Defendant Cover Whale admits that a loss was reported to Defendant Ascot in connection with an auto accident that reportedly occurred on April 10, 2024, that a claim for coverage (for property damage and bodily injury) was made under the Ascot Policy, and that said claim for coverage was subsequently denied by Defendant Ascot because the Ascot Policy had been cancelled effective March 27, 2024, prior to the April 10, 2024 accident, as more fully explained in Ascot's written disclaimer. Defendant Cover Whale lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 36 of the FAC and on that basis denies the remaining allegations therein.

37. Defendant Cover Whale denies the allegations in paragraph 37 of the FAC.

38. Defendant Cover Whale denies the allegations in paragraph 38 of the FAC.

## VI.

## PRAYER FOR RELIEF

Defendant Cover Whale further denies that Plaintiff is entitled to any of the remedies or relief it seeks in the prayer for relief immediately following paragraph 38 of the FAC, at page 11, lines 8 through 20.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. The FAC, and each purported claim and cause of action therein fails to state a claim upon which relief can be granted against Defendant Cover Whale.

## SECOND AFFIRMATIVE DEFENSE

### (No Coverage)

2. Plaintiff's claims and causes of action are barred, in whole or in part, because there is no coverage under the Ascot Policy for any claim arising from the April 10, 2024 accident at issue in this action.

## THIRD AFFIRMATIVE DEFENSE

### (Policy Insuring Agreements, Exclusions, Conditions, and Definitions)

3. Plaintiff's claims and causes of action are barred, in whole or in part, by the terms, provisions, exclusions, conditions, definitions, endorsements, and limitations set forth in the Ascot Policy issued to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

### (Discharge or Excuse)

4. Plaintiff's claims and causes of action are barred, in whole or in part, to the extent that any contractual obligations it or its principal, Defendant Ascot, allegedly may have failed to perform are discharged or excused by Plaintiff's own failure to perform its own contractual obligations and/or satisfy conditions of the Ascot Policy at issue.

/ / /

## FIFTH AFFIRMATIVE DEFENSE

### (Failure of Condition Precedent)

5. Plaintiff's claims and causes of action are barred, in whole or in part, to the extent Defendant Ascot was excused from having to perform its obligations under the Ascot Policy at issue, if any, because certain conditions that were required to occur first never occurred.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure of Condition Subsequent)

6. Plaintiff's claims and causes of action are barred, in whole or in part, to the extent Defendant Ascot was excused from having to perform any obligation under the Ascot Policy, if any, because there was a failure of a condition subsequent that was required under the Ascot Policy.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Perform Obligations)

7. Plaintiff's claims and causes of action are barred, in whole or in part, to the extent that Plaintiff failed to perform all obligations required of it under the Ascot Policy.

## EIGHTH AFFIRMATIVE DEFENSE

### (Policy Defenses)

8. Defendant Ascot asserts that it has not waived any defense under the Ascot Policy or applicable law.

## NINTH AFFIRMATIVE DEFENSE

### (Cancellation)

9. Plaintiff's claims and causes of action are barred, in whole or in part, because the Ascot Policy was validly cancelled effective March 27, 2024 and thus no longer in effect when the April 10, 2024 accident at it issue in this action occurred.

## TENTH AFFIRMATIVE DEFENSE

### (Improper Defendant – No Privity of Contract)

10. As Defendant Ascot underwrote the Ascot Policy pursuant to which Plaintiff claims rights to coverage thereunder, the proper party for suit under the Ascot Policy is Defendant Ascot and not its agent, Defendant Cover Whale.

**DEFENDANT COVER WHALE'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

## ELEVENTH AFFIRMATIVE DEFENSE
### (Improper Defendant – No Duty)

11. As Defendant Cover Whale did not underwrite the Ascot Policy pursuant to which Plaintiff claims rights to coverage thereunder, Defendant Ascot's agent, Cover Whale, cannot be liable for its breach or for any other duty that may be owed by its principal, insurer-defendant Ascot who underwrote the Ascot Policy at issue.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Proximate Cause)

12. Defendant Cover Whale asserts that no act or omission to act on its part, or any act or omission to act on the part of any person or entity for whom Cover Whale may be found legally responsible, actually or proximately caused or contributed to in any manner or to any degree, any injuries, damages or losses, if any, for which Plaintiff seeks recovery in this action.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Negligence of Plaintiff and/or Third Parties)

13. Plaintiff's claims and causes of action are barred to the extent that any and all damages Plaintiff may have suffered occurred directly and proximately due to the negligence and wrongful conduct of Plaintiff, its agents, and/or third parties, all of which contributed to or entirely caused Plaintiff's alleged damages, and if Plaintiff is entitled to any recovery for the damages alleged, Plaintiff's recovery should be reduced proportionately.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Intervening and Superseding Cause)

14. The allegedly wrongful conduct of Defendant Cover Whale was not a factor in bringing about any alleged damages, injuries, or losses to Plaintiff to the extent any negligence or other actionable conduct of Plaintiff or third parties was an intervening and superseding cause of Plaintiff's alleged damages, injuries, or losses.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

15. Plaintiff's claims and causes of action are barred, in whole or in part, by the doctrine

of unclean hands on the part of Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

16. Plaintiff's claims and causes of action are barred, in whole or in part, by the doctrine of waiver.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Unknown Defenses)

17. Defendant Ascot reserves its right to assert additional affirmative defenses and policy defenses based upon information that may be provided in discovery or otherwise in the course of this litigation.

Dated: March 7, 2025　　　　　　　　　　**FREEMAN MATHIS & GARY, LLP**

By: _/s/ Sander Alvarez_
Laura Ruettgers
Sander Alvarez
*Attorneys for Defendants*
ASCOT SPECIALTY INSURANCE COMPANY AND
COVER WHALE INSURANCE SOLUTIONS, INC.

|  |
|---|
| 1 |
| 2 |
| 3 |
| 4 |
| 5 |
| 6 |
| 7 |
| 8 |
| 9 |
| 10 |
| 11 |
| 12 |
| 13 |
| 14 |
| 15 |
| 16 |
| 17 |
| 18 |
| 19 |
| 20 |
| 21 |
| 22 |
| 23 |
| 24 |
| 25 |
| 26 |
| 27 |
| 28 |

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1960 E. Grand Avenue, Suite 1260, El Segundo, California 90245.

On **March 7, 2025,** I served the foregoing document(s) described as: **DEFENDANT COVER WHALE INSURANCE SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** on the interested party(ies) in this action:

### **SEE ATTACHED SERVICE LIST**

☒ **BY CM/ECF:** I certify that on **March 7, 2025**, I electronically filed the foregoing document(s) and that it/they is/are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☐ **BY ELECTRONIC SERVICE.** I caused a copy of the document(s) referenced above to be served via email to the individual(s) on the attached Service List.

(**FEDERAL**) I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on **March 7, 2025**, at El Segundo, California.

Alinda Turner

**SERVICE LIST**

**Maldonado Logistics, LLC v. Ascot Specialty Ins. Co., et al.**
*U.S.D.C. Northern District of California Case No. 3:24-cv-08221-LB*

| | |
|---|---|
| Eliyahu Y. Kaplunovsky, Esq.<br>Law California Law Firm<br>1070 A Street, Suite 6<br>Hayward, CA 94541<br>Tel. (510) 736-0688<br>Fax: (888) 475-7798<br>Email: office@lawcalifornia.org | **Attorneys for Plaintiff,**<br><br>*MALDONALD LOGISTICS, LLC* |